

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00171-CR

———————————————

DAYVONTE JACKSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1597801D

Before Bassel, Wallach, and Walker, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Dayvonte Jackson appeals from the trial court's revocation of his deferred-adjudication community supervision, adjudication of his guilt, and sentence of four years' confinement. We agree with Appellant's appointed counsel that his appeal is meritless and affirm the trial court's judgment.

Pursuant to a plea bargain, Appellant pleaded guilty to possession of four grams or more but less than 200 grams of a controlled substance (PCP) in exchange for four years' deferred adjudication. *See* Tex. Health & Safety Code Ann. § 481.115(d). The trial court followed the bargain and placed Appellant on deferred adjudication for four years.

During the years that followed, Appellant violated his community-supervision conditions multiple times. As a result, the State filed various petitions to proceed to adjudication but dismissed them after the trial court amended Appellant's community-supervision conditions (including adding a condition that required Appellant's participation in the court's SWIFT[1] program). After Appellant was discharged from SWIFT for program violations, the State filed another petition to proceed to adjudication, alleging that Appellant had violated his community-supervision

---

[1]SWIFT stands for "**S**upervision **W**ith **I**mmediate en**F**orcemen**T**." According to the "SWIFT Court Warning," there are two reasons that probationers can be selected for the program: "(1) You are new to probation[,] and you were assessed as an individual who poses a high risk to reoffend[; or] (2) You have been on probation for some time, you haven't been following the conditions of supervision[,] and your supervision officer thinks you are headed for probation revocation."

conditions by failing to report during January to March 2020 and February to May 2022 and by intentionally giving false or fictitious identifying information to a peace officer. After a hearing at which Appellant pleaded "true" to the alleged violations, the trial court found the allegations true, revoked Appellant's community supervision, adjudicated him guilty, and sentenced him to four years' confinement with credit for time served. *See generally* Tex. Penal Code Ann. § 12.33.

Appellant's court-appointed counsel has filed a motion to withdraw and a brief in support. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Appellant of counsel's motion to withdraw; (2) provided Appellant a copy of both the motion and the brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Appellant the opportunity to file a response on his own behalf, but he did not do so. The State filed a letter stating that it would not be filing a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 27, 2023